CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

AUG 24 2009

JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 3:09CR00020 |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| DENZEL ANDRE STEPHENS, | ) | |
| | ) | By: B. WAUGH CRIGLER |
| Defendant. | ) | U.S. MAGISTRATE JUDGE |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3), and upon the defendant's

consent, this case was referred to the undersigned to conduct a plea hearing.

**DEFENDANT'S RESPONSES TO RULE 11 INQUIRY**

The Grand Jury has returned a two-count Indictment charging defendant in Count One with

being an unlawful user of a controlled substance as defined in Title 21, United States Code, Section

802, did knowingly possess a firearm which had been shipped or transported in interstate commerce,

all in violation of Title 18, United States Code, Section 922(g)(3); and in Count Two with

knowingly possessing a quantity of marijuana, a Schedule I controlled substance, all in violation of

Title 21, United States Code, Section 844.

On August 17, 2009, a plea hearing was conducted before the undersigned. At the hearing,

the defendant was placed under oath and testified that his full legal name is Denzel Andre Stephens,

he was born on February 4, 1990, and he attended school through the ninth grade. The defendant

stated that he can read, write and understand the English language. The defendant testified he was

fully aware of the nature of the charges against him and the consequence of pleading guilty to those

charges. The defendant further testified that he was not under the influence of alcohol, medicine,

or any drug, and that he had no physical or mental condition which impaired his ability to understand

the nature of the proceedings being held.

The defendant testified that he had received a copy of the Indictment, and that he had fully discussed the charges therein and any defenses thereto, and his case in general, with his counsel. The defendant stated that he was pleading guilty of his own free will because he was, in fact, guilty of the offense charged. The defendant also stated that, apart from the terms of the Plea Agreement entered into with the government, which was filed with the court, no one had made any representations or promises to him for leniency or a lighter sentence. Moreover, no one had made promises, assurances, threats or coerced him in any way in an effort to induce his plea or his execution of the Plea Agreement. The defendant testified that he understood that Count One is a felony, and that if his plea is accepted, he will be adjudged guilty of that offense, and the government will move for his dismissal from the remaining count of the Indictment.

The defendant acknowledged that the maximum statutory penalty for Count One is a $250,000 fine and/or imprisonment for a term of ten years, together with a term of supervised release. The defendant was informed that parole has been abolished, and that if he is sentenced to prison, he will not be released on parole, but on supervised release, a violation of which could result in additional incarceration. Finally, the defendant testified that he understood that he will be required to pay a special assessment of $100, he may be ordered to pay restitution, and his assets may be subject to forfeiture.

The defendant was informed that, under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. The defendant was then informed that the Sentencing Guidelines are no longer mandatory, but the sentencing judge may apply them in an advisory fashion in determining a

2

reasonable sentence. The defendant testified that he and his counsel had discussed how the Sentencing Guidelines might apply in his case. The defendant also testified that he understood that the court would not be able to determine the applicable guideline range, for advisory purposes, until after a presentence report has been prepared and both parties have been given an opportunity to challenge the reported facts and application of the Guidelines. The defendant stated that he understood that the eventual sentence imposed may be different from any estimate his attorney had given him, or any recommendation by the government, and that the court has the authority to impose a sentence that is either higher or lower than that called for by the Guidelines, so long as the sentence is not greater than the statutory maximum for the offense to which the defendant is pleading guilty.

The defendant acknowledged awareness that the government had agreed to recommend a sentence at the low end of the applicable Guidelines range, and that the government would object to any sentence below the Guidelines range. The defendant stated that he understood that, contingent upon his acceptance of responsibility, continued cooperation in the sentencing process, and fulfillment of his duties under the Plea Agreement, the government will recommend a two-level (2) reduction under USSG § 3E1.1(a), and, if applicable at sentencing, the government will move that he be given an additional one-level (1) reduction under USSG § 3E1.1(b). The defendant stated he knew that all matters pertaining to the Indictment, including dismissed counts, were relevant conduct for purposes of sentencing.

The defendant also testified that he was waiving all rights under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of his case. The defendant also acknowledged his consent to the abandonment, official use and/or

3

destruction of anything seized by law enforcement during the investigation of his case. The defendant confirmed he had agreed to pay restitution for all matters included in his relevant conduct, and that he had agreed to pay any restitution due pursuant to 18 U.S.C. §§ 3663 and/or 3663A. The defendant acknowledged his agreement to make good faith efforts toward payment of any mandatory fines, assessments and restitution imposed, and that he would submit a financial statement, if called upon to do so, and would not convey anything of value without authorization from the government. The defendant understood that, pursuant to 18 U.S.C. §§ 3613 and 3664(m), whatever monetary penalties imposed by the Court would be due immediately and subject to immediate enforcement. The defendant acknowledged that his agreement required full participation in inmate employment under any available or recommended programs operated by the Bureau of Prisons, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The defendant acknowledged that he was waiving his right to have a jury determine beyond a reasonable doubt the facts alleged in the Indictment, including any facts related to sentencing. The defendant testified that he understood that he had the right to a trial by a jury, in addition to the following rights, which will be waived or given up if his guilty plea is accepted:

1. The right to plead not guilty and persist in that plea;
2. The right to a speedy and public jury trial;
3. The right to assistance of counsel at that trial and in any subsequent appeal;
4. The right to remain silent at trial;
5. The right to testify at trial;
6. The right to confront and cross-examine witnesses called by the government;
7. The right to present evidence and witnesses in his own behalf;
8. The right to compulsory process of the court;
9. The right to compel the attendance of witnesses at trial;
10. The right to be presumed innocent;
11. The right to a unanimous guilty verdict; and
12. The right to appeal a guilty verdict.

4

The defendant also testified that he understood that if he is adjudged guilty of these charges, he may be deprived of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm. The defendant testified that he understood that, under the terms of the agreement, he was waiving rights to appeal or collaterally attack his conviction or sentence. The defendant acknowledged that by entering into the Plea Agreement he expressly and irrevocably directed his counsel not to file an appeal. The defendant stated he was aware that the government had retained its rights to appeal.

The defendant stated that he was fully satisfied with the advice and representation given to him in this case by his counsel, and that counsel's representation had been effective. The defendant testified that he understood the possible consequences of his plea, and he asked the court to accept his plea of guilty to Count One of the Indictment.

**THE GOVERNMENT'S EVIDENCE**

The defendant waived his right to have the government's Factual Summary read in open court. The Factual Summary having been filed in open court, and the evidence presented therein regarding the offense charged is as follows: If this case had gone to trial, the United States would have presented evidence that on April 10, 2009, Detective B. N. O'Donnell (O'Donnell) of the Charlottesville Police Department was patrolling Prospect Avenue in Charlottesville, Virginia. The purpose of his patrol was to engage in firearms and narcotics interdiction. At approximately 10:00 p.m., he observed DENZEL ANDRE STEPHENS (Stephens) sitting alone in the passenger seat of a car parked in front of 721 Prospect Avenue. O'Donnell approached the vehicle, and he and Stephens began a conversation. Stephens almost immediately got out of the car, and told O'Donnell that he was just waiting for a ride

5

home. Looking through the driver's side window into the vehicle, O'Donnell saw in plain view what appeared to be marijuana. When questioned by O'Donnell, Stephens said he didn't know who the marijuana belonged to and began to walk away from the car. O'Donnell informed Stephens that he was not free to leave, and then frisked Stephens for weapons. O'Donnell found a Taurus .38 caliber revolver concealed in Stephens' right front pants pocket. The United States would have presented evidence at trial that Taurus firearms are not manufactured in the Commonwealth of Virginia and had therefore moved in or affected interstate commerce. The gun was loaded with one fired cartridge. At this time, Stephens was placed under arrest. A search of his person revealed several individually packaged bags of a green leafy substance in his left front pants pocket.

Stephens was read his Miranda rights, waived those rights and agreed to answer questions. Stephens stated that he had found the revolver the previous evening (April 9, 2009), in the area between 5th Street and Prospect Avenue, and that he had fired the revolver into the air along the railroad tracks while walking home to Page Street. Stephens claimed that his plan was to sell the revolver for twenty-five dollars. Additionally, Stephens admitted that the suspected marijuana Detective O'Donnell had seen in the car earlier was in fact marijuana and belonged to him. He told the detective that while he did not sell marijuana, he himself was a "chronic" smoker of the drug, and had smoked marijuana twice that evening. The interview was recorded.

The green leafy substance was collected from the vehicle and sent to the Division of Forensic Science Lab along with the individually packaged bags of green leafy substance recovered from Stephens' pants pocket. A certificate of analysis dated May 14, 2009, from the Commonwealth of Virginia, Department of Forensic Science, indicates that a chemical analysis was performed and that the substances were in fact marijuana.

6

## FINDINGS OF FACT

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1.      The defendant is fully competent and capable of entering an informed plea;

2.      The defendant is aware of the nature of the charges and the consequences of his plea;

3.      The defendant knowingly and voluntarily entered a plea of guilty to Count One of the Indictment; and

4.      The evidence presents an independent basis in fact containing each of the essential elements of the offense to which the defendant is pleading guilty.

## RECOMMENDED DISPOSITION

Based upon the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's plea of guilty to Count One of the Indictment and adjudge him guilty of that offense. The undersigned DIRECTS that a presentence report be prepared. A sentencing hearing hereby is scheduled for November 5, 2009 at 9:30 a.m. before the presiding District Judge in Charlottesville.

## NOTICE TO PARTIES

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C): Within ten days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made

7

by the undersigned.  The judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 10 days could waive appellate review.  At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The Clerk is hereby directed to send certified copies of this Report and Recommendation to all counsel of record.

ENTERED: _____
United States Magistrate Judge

Date _____
Aug 24, 2009